1

2

3

4                      UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
5                              AT TACOMA

6    JERAMIE EIDEM,

7                            Plaintiff,          No. C11-5716 RBL/KLS

8           v.
                                                 ORDER DENYING PLAINTIFF'S
9    PATRICK GLEBE, SARA SMITH, LINDA            MOTION FOR LEAVE TO FILE A
     BODINE, STEVE HAMMOND, and JOHN             SECOND AMENDED COMPLAINT AND
10   AND JANE DOES 1-3 (DOC CARE                 TO STAY
     REVIEW COMMITTEE MEMBERS),
11
                             Defendants.
12

13         Before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint

14   and a 70 Day Stay "To Correct Deficiencies". ECF No. 15. Having considered the motion,

15   Defendants' opposition (ECF No. 18), Plaintiff's reply (ECF No. 19), and balance of the record,

16   the Court finds that Plaintiff's motion to amend and stay should be denied.

17                                   **BACKGROUND**

18
           On September 8, 2011, Plaintiff filed a 42 U.S.C. §1983 civil rights complaint alleging
19
     that his Eighth Amendment rights were violated when he was denied a CPAP machine as
20
     treatment for sleep apnea. ECF No. 5. Before the Defendants answered, Plaintiff filed an
21
     Amended Complaint on October 11, 2011. ECF No. 9. The Defendants filed their answer to the
22
     Amended Complaint on November 14, 2011. ECF No. 13. In his First Amended Complaint,
23

24

25

26

ORDER DENYING MOTION TO AMEND - 1

Plaintiff alleges Eighth Amendment violations against the individual Defendants, but expanded on his factual allegations. *Id.*[1]

In the instant motion, Plaintiff seeks to add the Washington Office of Financial Management (OFM) and John & Jane Does (1-10) "As Unknowns" as Defendants. He also seeks to add several new federal claims under the Americans with Disabilities Act, the Rehabilitation Act, the First Amendment, the Equal Protection Clause, and conspiracy. Also included in Plaintiff's new proposed claims are state tort claims (listed in ¶ 4 of the proposed amended Complaint (civil conspiracy, negligence, malpractice, outrage, and negligent infliction of emotional distress). ECF No. 15-1. Along with his proposed amended complaint, Plaintiff filed a motion to stay this action for seventy days while he exhausts his administrative remedies with regard to his state tort claims. ECF No. 15, ¶¶ 13-16.

Pages 13, 14, and 15 of the proposed Second Amended Complaint filed with the Court are missing. However, based on the proposed complaint as submitted to the Court and the briefing of the parties, the Court is able to fully determine the merits of the motion.

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend the party's pleading only by leave of the court or by written consent of the adverse party and that leave shall be freely given when justice so requires. However leave to amend is not to be granted automatically. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990). The United States Supreme Court has recognized several reasons for a court to legitimately deny

---

[1] Defendants state that Plaintiff added the Department of Corrections (DOC) as a defendant in his Amended Complaint (citing ECF No. 9). The DOC is not named as a defendant but is only referred to as the employer and/or location of individually named defendants, *i.e.* "Steve Hammond, Medical Director, Department of Corrections". The DOC was not served with the complaint or amended complaint.

ORDER DENYING MOTION TO AMEND - 2

leave to amend.  Among those reasons are undue delay, bad faith, or dilatory motive on the part

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party, and futility of amendment.  *Foman v. Davis,* 371 U.S. 178, 182

(1962).

"The liberal amendment rules of Fed. R. Civ. P. 15(a) do not require that courts indulge

in futile gestures."  *Deloach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968).  If a proposed

amendment could not withstand a motion to dismiss, a court is justified in denying a motion to

amend the pleadings made pursuant to Rule 15(a).  *Jones v. Community Redevelopment Agency*

*of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Glick v. Koenig*, 766 F.2d 265 (7th Cir.

1985).

Plaintiff asserts that the primary purpose of his second amendment is to correct his lack

of compliance with the notice of claim procedure set forth in Wash. Rev. Code § 4.92.100.

RCW 4.92.100 requires that claims for damages arising from the tortious conduct of state

employees be submitted to the State of Washington, Office of Financial Management, Office of

Risk Management.  The failure to file a claim results in dismissal.  *Kleyer v. Harborview Med.*

*Ctr.*, 76 Wn. App. 542, 545, 887 P.2d 468 (1995).  Compliance with the statutory notice

procedures is jurisdictional.  *Levy v. State*, 91 Wn. App. 934, 957 P.2d 1272 (1998) (failure of

claimant to verify claim form as required by Wash Rev. Code § 4.92.100 deprived court of

jurisdiction).

Plaintiff concedes that he did not file a tort claim with the Office of Risk Management

until March 20, 2012, well after filing this lawsuit.  ECF No. 19, at 19.  However, the claims

asserted by Plaintiff in his First Amended Complaint are all federal constitutional claims and he

does not need to file a claim with the State of Washington with regard to those claims.  Thus,

ORDER DENYING MOTION TO AMEND - 3

Plaintiff's stated reason for the need to amend to correct the notice "deficiency" does not apply to either his existing federal claims or his proposed federal claims. As to any newly asserted state tort claims, Plaintiff concedes that he did not file a claim with the State prior to filing this lawsuit as required by RCW 4.92.100 and requires that he be allowed either to withdraw those claims or the Court should dismiss the state claims. Plaintiff's proposed new federal and state claims are discussed in more detail below.

**A.     Federal Claims**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371.

Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Absent some personal

ORDER DENYING MOTION TO AMEND - 4

involvement by the defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under § 1983. *Johnson v. Duffy*, 588 F.2d 740, 743-744 (9th Cir. 1978). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

### 1. First Amendment Right to Grievance

Plaintiff alleges in his proposed Second Amended Complaint that the First Amendment provides the right to file a prison grievance.[2] ECF No. 15-1, ¶40.

Inmates have no constitutional right to a prison grievance system. *Mann v. Adams*, 855 F.2d 639 (9th Cir. 1988), *cert. denied*, 109 S. Ct. 242 (1988); *Stewart v. Block*, 938 F. Supp. 582 (C.D. Cal. 1996); *Hoover v. Watson*, 886 F. Supp. 410 (D. Del. 1995) (*aff'd*, 74 F.3d 1226). Moreover, if the state elects to provide a grievance mechanism, violations of its procedures do not give rise to §1983 claims. *Hoover v. Watson, supra,; Brown v. G.P. Dodson*, 863 F. Supp. 284, 285 (W.D. Va. 1994); *Allen v. Wood*, 970 F. Supp. 824, 832 (E.D. Wash. 1997).

Plaintiff makes no specific allegations regarding any of the named Defendants as to this claim. Instead, he merely alleges that "Washington DOC while having a relatively non-arbitrary grievance process on paper uses it to cover up for staff misconduct" and that the "administrative process" put in place by the DOC denied him his right to "receive meaningful review." ECF No. 15-1, ¶¶ 41, 68. These allegations are too vague to support a First Amendment claim.

### 2. Americans with Disabilities Act

Plaintiff seeks to add claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 and the Rehabilitation Act (RA), 29 U.S.C. § 794. Plaintiff alleges that his disabilities include sleep apnea and drug addiction. ECF No. 15-1, ¶¶ 24-36. Certain sections of the ADA

---

[2] Later in his proposed Second Amended Complaint, Plaintiff alleges that he was not denied access to the prison grievance system, but that his grievance was denied. ECF No. 15-1, ¶¶ 63, 64.

ORDER DENYING MOTION TO AMEND - 5

and RA apply in the prison context. *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 208 (1998); *Duffy v. Riveland*, 98 F.3d 447, 453-54 (9th Cir. 1996). Claims under the ADA and RA are subject to the same legal analysis. *Duffy*, 98 F.3d at 456.

Under the ADA and RA, the Plaintiff must prove that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) the claimant was excluded from, denied the benefits of, or discriminated against with respect to the services, program or activities; and (4) the exclusion, denial or discrimination was by reason of the claimant's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); 42 U.S.C. § 12132; 29 U.S.C. § 794.

The ADA defines a disability as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

A qualified individual is:

> [A]n individual with a disability who, with or without reasonable modifications to rules, policies, the removal of architectural barriers, or the provision of auxiliary aids or services, meets the essential eligibility requirements of receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2) (emphasis added); *see also* 28 C.F.R. § 35.104.

Even assuming that the Plaintiff's pre-incarceration drug addiction and/or sleep apnea diagnosis makes him "a qualified individual" under the ADA, it is still not enough to simply claim a lack of equal access to programs, activities or services. Plaintiff must "prove that the exclusion from participation in the program was 'solely by reason of disability.'" *Weinreich v.*

ORDER DENYING MOTION TO AMEND - 6

*Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978-79 (9th Cir. 1997); *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996).

Plaintiff has made no allegations that any of the Defendants were even aware of his drug addiction, let alone that any of them considered it as a factor in their decisions regarding a CPAP machine for his sleep complaints. As presented by the Plaintiff in his Complaint and Amended Complaint, the Department denied him the CPAP machine at the Department's expense because it was not "medically necessary" under their rules and the Offender Health Care Plan. *See* Amended Complaint, ¶ 27. Plaintiff's allegations are too vague to support claims under the ADA and RA.

### 3. Equal Protection with Supervisory Liability and Conspiracy

Plaintiff seeks to add an equal protection claim, which appears to be tied to a claim of supervisory liability of an unnamed defendant or defendants, as well as a claim of conspiracy. ECF No. ¶¶ 43, 44 and 70. Plaintiff has failed to include any factual allegations as to the named Defendants to show that they personally participated in any such violations.

First, it should be noted that defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of respondeat superior or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. Dept of Social Services of City of New York,* 436 U.S. 658, 694 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). Vague and conclusory allegations of official participation

ORDER DENYING MOTION TO AMEND - 7

in civil rights violations are not sufficient. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Absent some personal involvement by the defendants in the allegedly unlawful conduct of

subordinates, they cannot be held liable under § 1983. *Johnson*, 588 F.2d at 743-44.

Next, Plaintiff has failed to state an adequate equal protection claim of any sort. The

Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly

situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439,

105 S.Ct. 3249, 87 L.Ed.2d 313, (1985). A plaintiff may establish an equal protection claim by

showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's

membership in a protected class. See, e.g., *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th

Cir.2001). If the action in question does not involve a suspect classification, a plaintiff may

establish an equal protection claim by showing that similarly situated individuals were

intentionally treated differently without a rational relationship to a legitimate state purpose.

*Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000);

*San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16(1972). To

state an equal protection claim under this theory, a plaintiff must allege that: (1) plaintiff is a

member of an identifiable class; (2) plaintiff was intentionally treated differently from others

similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of*

*Willowbrook*, 528 U.S. at 564.

Plaintiff's proposed amendment is devoid of factual allegations to support an equal

protection claim. He does not allege that he is a member of an identifiable class, that he was

treated differently from other similarly situated, and that there was no rational basis for the

difference in treatment. He alleges only that the DOC has allowed other inmates to have a CPAP

machine donated by an outside party. ECF No.15-1, ¶ 65. Defendants admitted that they

ORDER DENYING MOTION TO AMEND - 8

informed Plaintiff "that he may seek medical treatment at his own expense under Offender Paid

Health Care through Department Policy 600.020." ECF No. 13, ¶ 2.

Similarly, Plaintiff has failed to allege facts amounting to civil conspiracy for which

relief may be granted under § 1983. For such a claim to move forward, the complaint must

allege that Defendants acted with the common understanding to deprive Plaintiff of his

constitutional rights. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d

142 (1970). Plaintiff's allegation of civil conspiracy is extremely vague. *See Radcliffe v.*

*Rainbow Constr. Co*., 254 F.3d 772, 783-84 (9th Cir.2001) (conclusory allegations are

insufficient to state a claim of civil conspiracy).

Generally, with the deficiencies noted above, the Court would give the Plaintiff an

opportunity to file an amended complaint. However, Plaintiff filed this action almost a year ago

and has already amended his complaint once. Assuming Plaintiff is "disabled" and that this

disability was known and is somehow linked to Plaintiff's claim that Defendants improperly

denied him the use of the CPAP machine, Plaintiff has provided no satisfactory explanation for

his failure to allege this claim originally. Likewise, Plaintiff provides no satisfactory explanation

for failing to allege an equal protection violation or a conspiracy claim. *See Vincent v. Trend W.*

*Tech. Corp.*, 828 F.2d 563, 570-71 (9th Cir.1987) (Amendment will be denied "when the movant

presented no new facts but only new theories and provided no satisfactory explanation for his

failure to fully develop his contentions originally.")

Moreover, pretrial deadlines were set in November of last year (ECF No. 14) and the

discovery deadline of May 18, 2012 is less than two weeks away. It would be prejudicial to

Defendants to require them to conduct new discovery on these new theories at this stage in the

litigation.

ORDER DENYING MOTION TO AMEND - 9

Based on the foregoing, the motion to amend to add additional federal claims of claims is **denied.**

### C.     State Tort Claims

As noted above, Plaintiff did not file a tort claim with the Office of Risk Management until March 20, 2012.  ECF No. 19, at 19.  Thus, allowing an amendment to include his proposed state tort claims (listed in ¶ 4 of the proposed amended complaint (civil conspiracy, negligence, malpractice, outrage, and negligent infliction of emotional distress) would be premature and subject to dismissal pursuant to RCW 4.92.100.  Plaintiff concedes that he must comply with Washington's tort claim provisions and asks to be allowed to withdraw "the portions of his claims which deal solely with state tort action and federal claims directly against state agency's [sic]."  ECF No. 19, at 20.  As explained above, Plaintiff need not comply with Washington's tort claim provisions with regard to any of his federal claims.

Accordingly, Plaintiff's motion to amend to add state tort claims (listed in ¶ 4 of the proposed amended complaint (civil conspiracy, negligence, malpractice, outrage, and negligent infliction of emotional distress) is **denied.**

### D.     Additional Parties

#### 1.     Johns and Janes Doe (1-10)

Plaintiff also proposes to add "Johns & Janes Doe (1-10)", alleging only that these unknown parties "had affirmative duties in regard to this matter and were able to hide or not disclose their identities through agency procedure."  ECF No. 15-1, ¶ 20.

The legal sufficiency of the claims asserted in a complaint must be read in conjunction with Fed.R.Civ.P. 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Massey v. Banning Unified School Dist.*, 256 F. Supp. 2d 1090,

ORDER DENYING MOTION TO AMEND - 10

1092 (C.D. Cal. 2003); *see also Ricotta v. State of California*, 4 F. Supp. 2d 961 (9th Cir. 1998).

Under Fed.R.Civ.P. 8(a)(2), "the complaint [must provide] 'the defendant fair notice of what

the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129

(9th Cir. 1996) (citations omitted). The complaint must include some statement of facts

supporting plaintiff's legal theory. *See Arizona Minority Coalition for Fair Redistricting v.*

*Arizona Independent Redistricting Com'n*, 366 F. Supp. 2d 887, 910 (D. Ariz. 2005). The test is

essentially whether the complaint's allegations are detailed and informative enough to enable the

defendant to respond. 6 Charles Alan Wright & Arthur R. Miller, Federal Practice And

Procedure, §1215 (3d ed. 2004).

Plaintiff provides no notice or information as to who these additional John/Jane Doe

parties are (*i.e.,* what their positions are, where they work) and what conduct they committed or

failed to commit in connection with Plaintiff's existing or proposed new claims. Additional

discovery will be required in order to identify the new defendants. However, the deadline for the

completion of discovery is May 18, 2012 (ECF No. 14) and continuing discovery at this late date

is prejudicial to Defendants, particularly when Plaintiff has provided no good reason for waiting

so long to assert his new claims.

### 2.      Office of Financial Management

The Office of Financial Management (OFM) may not be sued in federal court. Claims

against state agencies under §1983 are barred by the Eleventh Amendment. *Peters v. Lieuallen*,

693 F.2d 966, 970 (9th Cir. 1982) ("there is no doubt that suit under either §1981 or 1983 against

[a state agency] is a suit against the state qua state and is, therefore, barred by the Eleventh

Amendment"); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-103

(1984) (Eleventh Amendment sovereign immunity extends to state agencies and to damage

ORDER DENYING MOTION TO AMEND - 11

claims against state officials in their official capacity). Congress did not abrogate the states'

Eleventh Amendment sovereign immunity by enacting §1983, and a state, state agencies, or state

officials acting in their official capacities are not "persons" within the statutory language of

§1983. *Quern v. Jordan*, 440 U.S. 332, 339-40 (1979); *Will v. Michigan Department of State*

*Police*, 491 U.S. 58, 64 (1989).

Therefore, Plaintiff's motion to add these additional defendants is **Denied.**

It is, therefore, **ORDERED:**

(1) Plaintiff's Motion to Amend (ECF No. 15) is **DENIED.**

(2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for

Defendants.


**DATED** this  10th  day of May, 2012.


Karen L. Strombom
United States Magistrate Judge


ORDER DENYING MOTION TO AMEND - 12